# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

UNITED STATES OF AMERICA,      )
                                   )
v.                               )        CR 215-022
                                   )
CRAIG LAMAR ELKINS,      )
                                   )
        Defendant.     )

## ORDER

Before the Court is Defendant Craig Elkins' Motion to Clarify and/or Correct Pursuant to F.R.C.P. 36. Dkt. No. 60. For the reasons below, his motion is **DENIED**.

On January 26, 2016, Elkins pleaded guilty to distribution of a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The Court sentenced Elkins to 151 months' imprisonment followed by three years' supervised release. Dkt. No. 17 at 2. His term of imprisonment was ordered to "be served consecutively to the term of imprisonment the defendant is currently serving in Glynn County (Georgia) Superior Court Docket Number CR-1100442-063" for parole revocation. Id. After sentencing in federal court, Elkins was returned to state custody to complete his state sentence. Elkins was transferred to federal custody on December 6, 2016.

Elkins asserts that the Bureau of Prisons ("BOP") is denying him eligibility for a lengthier stay on home confinement because his offense is inaccurately associated with violence. Elkins now moves the Court to "clarify and correct" his presentence investigation report "to reflect the court's intent, making sure and stipulating that at sentencing, Petitioner was not involved in any violence."

As Elkins notes in his motion, the Court indeed referenced his non-association with violence during sentencing, as set forth in the Statement of Reasons:

> The sentence is at the very bottom of the advisory guideline range and takes into consideration that there is no evidence to suggest that the defendant was a participant in any gang-related activity, violent acts, or activities involving firearms. There is also no indication that he was involved in the overall drug conspiracy. Indeed, he did not know some of the people involved in the conspiracy. Further, a sentence at the low end of the guideline range contemplates the defendant's military service and his lengthy criminal history.

Nevertheless, Elkins' motion must be denied. As noted by the Government in response, Elkins does not allege or provide any documentation establishing that he has exhausted his administrative remedies with the BOP in pursuit of having them change its determination. See, e.g. Garcia v. Wells, No. 3:09cv24, 2008 WL 2397550, at *3 (S.D. Ga. June 12, 2008) (citing United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (noting applicability of exhaustion requirement to claims

for computation of sentence)). It is the BOP's responsibility to compute a prisoner's sentence. Id. A defendant may appeal the BOP's decision to a district court, but only after he exhausts his administrative remedies with the BOP. Elkins has not demonstrated that he has done so.

Furthermore, the basis upon which Elkins seeks relief, Federal Rule of Criminal Procedure 36, is not applicable here. Rule 36 is meant to correct clerical errors in a judgment or in the record arising from an oversight or omissions. Elkins has specified no such errors.

Accordingly, Elkins' motion, dkt. no. 60, is **DENIED**.

**SO ORDERED**, this ___13 day of March, 2020.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA